UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-1348 FMO (JCx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Julieta Lozano | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motions to Dismiss Third Amended Complaint

Having reviewed and considered all the briefing filed with respect to defendants' motions to dismiss, the court concludes that oral argument is not necessary to resolve them. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

Qui tam relator Anita Silingo ("Silingo" or "plaintiff") filed this action under seal on August 30, 2013. (Dkt. 1, Complaint). Silingo filed a First Amended Complaint (Dkt. 10, "FAC") on May 20, 2014. On August 14, 2014, the United States declined to intervene in the case. (See Dkt. 11, Notice of Election by the United States of America to Decline Intervention). The court unsealed the FAC the next day. (See Dkt. 12, Court's Order of August 15, 2014). After a meet and confer in which defendants' counsel detailed the deficiencies they would raise in their motions to dismiss the FAC, Silingo sought, and the court granted, leave to file a second amended complaint. (See Dkt. 31, Stipulation for Order Granting Leave to File Second Amended Complaint; Dkt. 32, Court's Order of December 16, 2014).

Silingo filed her Second Amended Complaint (Dkt. 39, "SAC") on January 9, 2015, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A), (B), (C) & (G) against all defendants. (See id. at ¶¶ 89-94). Defendants moved to dismiss the SAC and, on September 29, 2015, the court granted in part and denied in part the motions. (See Dkt. 78, Court's Order of September 29, 2015). Specifically, the court dismissed, without leave to amend, Silingo's conspiracy and reverse False Claims Act claims pursuant to 31 U.S.C. § 3729(a)(1)(C) and 31 U.S.C. § 3729(a)(1)(G). (See id. at 12-13 & 15). The court granted, with leave to amend, Silingo's False Claims Act claims to the extent they were premised on theories of literal falsity and express and implied certification, pursuant to 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B). (See id. at 8-11 & 15).

Plaintiff filed the operative Third Amended Complaint on October 22, 2015. (See Dkt. 81,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al.** | | |

"TAC"). After fully briefing their motion to dismiss, plaintiff's former employers, defendants MedXM and Mobile Medical Examination Services, Inc. (collectively, "MedXM") reached a settlement with Silingo and were dismissed from the action. (See Dkt. 115, Notice of Settlement of Claims Against Defendants Mobile Medical Examination Services, Inc. and MedXM; Dkt. 123, Court's Order of June 16, 2016). The remaining defendants, Molina,[1] Health Net,[2] Alameda,[3] Visiting Nurse,[4] and Wellpoint[5] (collectively, "health plan defendants"), which are health plan providers that receive services from MedXM, filed motions to dismiss the TAC. (See Dkt. 84, Molina's Motion; Dkt. 85-1, WellPoint's Motion; Dkt. 86-1, Visiting Nurse's Motion; Dkt. 87, Alameda's Motion; Dkt. 88, Health Net's Motion).

## ALLEGATIONS IN THIRD AMENDED COMPLAINT

Silingo was an independent contractor at MedXM from August 2011 to January 2012, (see Dkt. 81, TAC at ¶ 14), and a MedXM employee from January 2012 to June 2013. (See id.). As a MedXM employee, Silingo served as MedXM's Director of Provider Relations. (See id.). From late spring/early summer of 2012 to April 2013, Silingo also served as MedXM's Compliance Officer. (See id.).

The health plan defendants hired MedXM to conduct physical examinations of Medicare

---

[1] "Molina" refers collectively to Molina Healthcare, Inc., Molina Healthcare of California, Molina Healthcare Services, and Molina Healthcare of California Partner Plan. (See Dkt. 84, [Molina's] Motion to Dismiss Third Amended Complaint ("Molina's Motion")).

[2] "Health Net" refers collectively to Health Net, Inc., Health Net of California, Inc., and Health Net Life Insurance Company. (See Dkt. 88, [Health Net's] Motion to Dismiss Relator's Third Amended Complaint ("Health Net's Motion")).

[3] "Alameda" refers to the Alameda Alliance for Health. (See Dkt. 87, [Alameda's] Motion to Dismiss the Third Amended Complaint ("Alameda's Motion")).

[4] "Visiting Nurse" refers collectively to the Visiting Nurse Service of New York and VNSNY Choice (erroneously sued as Visiting Nurse Service Choice). (See Dkt. 86-1, [Visiting Nurse's] Motion to Dismiss Third Amended Complaint ("Visiting Nurse's Motion")). Plaintiff voluntarily dismissed defendant Visiting Nurse Service of New York. (See Dkt. 82, Notice of Dismissal; Dkt. 83, Court's Order of November 9, 2015).

[5] "WellPoint" refers collectively to WellPoint, Inc., Blue Cross of California (d/b/a and erroneously sued as Anthem Blue Cross), and Anthem Blue Cross Life and Health Insurance Company. (See Dkt. 85-1, WellPoint Defendants' Motion to Dismiss Third Amended Complaint ("WellPoint's Motion")). WellPoint, Inc. has since changed its name to Anthem, Inc. (See Dkt. 85-1, WellPoint's Motion at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al.** | | |

patients at their homes. (See Dkt. 81, TAC at ¶¶ 7 & 13). The crux of Silingo's TAC is that MedXM's health assessment reports fabricated and/or exaggerated the severity of illnesses suffered by the health plan defendants' Medicare patients, which caused the government to pay inflated amounts to the health plan defendants. (See id. at ¶ 19).

According to Silingo, the government makes capitated payments to the health plan defendants, which are paid in advance for the delivery of health care services on a per patient, per unit of time basis. (See Dkt. 81, TAC at ¶ 15). The amounts paid are based on diagnostic codes set forth in the International Classification of Disease, Ninth Revision Clinical Modification guidelines ("ICD-9 codes"). (See id. at ¶ 16). The health plan defendants submit the ICD-9 codes to the Centers for Medicare and Medicaid Services ("CMS"), which in turn uses the codes and other information to develop HCC risk scores, and adjust the capitated payment rates accordingly. (See id.). The higher the HCC score, the higher the capitated rate; the lower the score, the lower the rate. (See id.).

As in the SAC, Silingo challenges eight of MedXM's business practices in the TAC. (Compare Dkt. 81, TAC at ¶¶ 30-45, 20-29, 50-64, 73, 29, 46-49, 50-51 & 65-72 with Dkt. 39, SAC at ¶¶ 17-32, 33-40, 45-49, 68, 40, 41-44, 45-47 & 60-67). Silingo alleges that the health plan defendants knew or should have known about MedXM's fraudulent business practices. (Compare Dkt. 81, TAC at ¶¶ 77-125 with Dkt. 39, SAC at ¶¶ 71-88).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); see Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al.** | | |

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Nevertheless, dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

I.  FALSE CLAIMS ACT CLAIMS.

Silingo alleges that the health plan defendants violated the False Claims Act: (1) under 31 U.S.C. § 3729(a)(1)(A) by "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval;" and (2) under 31 U.S.C. § 3729(a)(1)(B) by "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to a false or fraudulent claim[.]" (Dkt. 81, TAC at ¶ 127).

Because the False Claims Act is an anti-fraud statute, Silingo must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). See Fed R. Civ. P. ("Rule") 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Bly-Magee v. Cal., 236 F.3d 1014, 1018 (9th Cir. 2001) (holding that "complaints brought under the FCA must fulfill the requirements of Rule 9(b)"). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee, 236 F.3d at 1019. The complaint must set out "the who, what, when, where, and how of the misconduct charged," Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.), cert. denied, 562 U.S. 1102 (2010), as well as an identification of "what is false or misleading about the purportedly fraudulent statement, and why it is false." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration marks omitted).

While the circumstances constituting fraud must be alleged with particularity, "[m]alice,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al.** | | |

intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see United States v. Corinthian Colls., 655 F.3d 984, 992 & 996 (9th Cir. 2011) ("Notably, Rule 9(b) requires only that the circumstances of fraud be stated with particularity; other facts may be plead generally, or in accordance with Rule 8.") (emphasis omitted). Thus, a plaintiff need only allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of" defendants' state of mind. Cafasso, 637 F.3d at 1055 (quoting Twombly, 550 U.S. at 556; 127 S.Ct. 1955) (alteration marks omitted).

"The essential elements of an FCA claim are (1) a false statement or fraudulent course of conduct, (2) made with requisite scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." Corinthian Colls., 655 F.3d at 992; see United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006), cert. denied, 550 U.S. 903 (2007) (same). The first element, falsity, requires "an intentional, palpable lie." Hendow, 461 F.3d at 1172. The second element, scienter, requires a "knowing" state of mind, which means having actual knowledge or information, or acting in deliberate ignorance or reckless disregard of the information's truth or falsity. See 31 U.S.C. § 3729(b). "[I]nnocent mistakes, mere negligent misrepresentations and differences in interpretations will not suffice to create liability." Corinthian Colls., 655 F.3d at 996. The "Relator[] must allege that [defendant] knew that its statements [or course of conduct] were false, or that it was deliberately indifferent to or acted with reckless disregard of the truth of the statements." Id. The third element, materiality, requires that "the false statement or course of conduct must be material to the government's decision to pay out moneys to the claimant." Hendow, 461 F.3d at 1172. Finally, under the fourth element, "[f]or a false statement or course of action to be actionable . . . , it is necessary that it involve an actual claim, which is to say, a call on the government fisc." Id. at 1173 (emphasis omitted).

Silingo alleges that, between 2010 and 2014, the health plan defendants "retained MedXM's in-home health assessment services with the intent to maintain or increase CMS' capitated payments to the defendant Health Plans by having MedXM prepare health assessment reports and obtain diagnoses of MA enrollees who had no medical encounters that year and/or the prior year." (Dkt. 81, TAC at ¶ 77). According to Silingo, by failing to implement adequate internal controls to "properly investigate, monitor, or oversee" MedXM, the health plan defendants knew or acted in reckless disregard of MedXM's fraud.[6] (See id. at ¶¶ 77, 79 & 82).

As the court held in its prior order, Rule 9(b) "does not allow a complaint to merely lump

---

[6] Silingo further alleges an FCA claim against the health plan defendants based upon an express and implied certification theory pursuant to 42 C.F.R. § 422.504(l). (See TAC at ¶¶ 80 & 82-83). The Supreme Court recently confirmed that the implied false certification theory can be a basis for liability under the FCA, see Universal Health Servs., Inc. v. United States, 136 S.Ct. 1989, 1999-2001 (2016), and clarified how a plaintiff may assert an FCA claim based on this theory. See id. at 2001-04.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States <u>ex</u> <u>rel.</u> Silingo v. Mobile Medical Examination Services, Inc., <u>et</u> <u>al.</u>** | | |

multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (Dkt. 78, Court's Order of September 29, 2015, at 12) (quoting <u>Corinthian Colls.</u>, 655 F.3d at 997-98). The court noted that "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." (<u>Id.</u>) (quoting <u>Corinthian Colls.</u>, 655 F.3d at 998).

Here, Silingo does not add any new facts regarding any health plan defendant. (<u>See</u>, <u>generally</u>, Dkt. 81, TAC). Rather, Silingo repeats, word for word, the same five conclusory paragraphs against each health plan defendant. (<u>See</u> Dkt. 81, TAC at ¶¶ 90-94 (WellPoint); 102-06 (Health Net); 107-11 (Alameda); 112-16 (Visiting Nurse); 117-18 & 120-22 (Molina)).[7] Given that Silingo's allegations against the health plan defendants remain undifferentiated, they lack the particularity required by Rule 9(b) to adequately state a False Claims Act claim. (<u>See</u> Court's Order of September 29, 2015, at 12, quoting <u>Corinthian Colls.</u>, 655 F.3d at 998) ("Rule 9(b) undoubtedly requires more than attributing wholesale all of the allegations against defendants without distinguishing one from the other.").

As to allegations specific to any health plan defendant, Silingo has not cured the deficiencies of the SAC. For example, in its prior order, the court held that Silingo's allegations with respect to WellPoint's audits were too conclusory, especially in the face of her other allegations that WellPoint issued a corrective action plan to MedXM to correct its deficiencies as a condition of starting the WellPoint/MedXM contract for risk assessment services, and issued an additional CAP to MedXM in June 2012. (<u>See</u> Court's Order of September 29, 2015, at 12). Despite these admonitions, Silingo's allegations in the TAC are virtually identical to the allegations in the SAC. (<u>Compare</u> Dkt. 81, TAC at ¶¶ 95-101 <u>with</u> Dkt. 39, SAC at ¶¶ 78-83).

Silingo also repeats her allegations that a medical examiner submitted multiple health assessment reports that contained identical data or were not the result of face-to-face interactions, (<u>compare</u> Dkt. 81, TAC at ¶¶ 54-59 <u>with</u> Dkt. 39, SAC at ¶¶ 49-54), adding only that Molina "acted with reckless disregard by failing to initiate a fraud investigation[.]" (Dkt. 81, TAC at ¶ 119). Silingo's newly added allegations are too conclusory, especially given her allegations that Molina first detected that the assessment reports contained identical data, (<u>see</u> <u>id.</u> at ¶ 54), and that MedXM defrauded Molina in submitting improperly corrected health assessment reports. (<u>See</u> <u>id.</u>

---

[7] Silingo's oppositions to the health plan defendants' motions to dismiss are similarly rote, despite the fact that the health plan defendants' motions are not. (<u>Compare</u> Dkt. 95, [Silingo's] Opposition to [Molina's] Motion to Dismiss Third Amended Complaint <u>with</u> Dkt. 94, [Silingo's] Opposition to [Health Net's] Motion to Dismiss Third Amended Complaint; Dkt. 96, [Silingo's] Opposition to [Alameda's] Motion to Dismiss Third Amended Complaint; Dkt. 97, [Silingo's] Opposition to [Visiting Nurse's] Motion to Dismiss Third Amended Complaint & Dkt. 93, [Silingo's] Opposition to [] WellPoint's Motion to Dismiss Third Amended Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1348 FMO (JCx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | **United States <u>ex</u> <u>rel.</u> Silingo v. Mobile Medical Examination Services, Inc., <u>et</u> <u>al.</u>** | | |

at ¶¶ 55-57).

Finally, Silingo alleges that another medical examiner conducted examinations on Health Net's behalf in Oregon although she was not licensed to practice in that state. (<u>Compare</u> Dkt. 81, TAC at ¶ 73 <u>with</u> Dkt. 39, SAC at ¶ 68). Silingo, however, includes no allegations that Health Net knew or recklessly disregarded this fact. (<u>See</u>, <u>generally</u>, Dkt. 81, TAC).

II.     LEAVE TO AMEND.

Rule 15 provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see</u> <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint. <u>See</u> <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the TAC, the court is persuaded that Silingo's claims cannot be saved through amendment. Under the circumstances, it would be futile to afford Silingo a fifth opportunity to state a claim. <u>See</u> <u>Cafasso</u>, 637 F.3d at 1058 ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."); <u>Wagh v. Metris Direct, Inc.</u>, 363 F.3d 821, 830 (9th Cir. 2003) (same), <u>cert.</u> <u>denied</u>, 541 U.S. 1043 (2004), <u>overruled on other grounds</u>, <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 551 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 552 U.S. 985 (2007). Accordingly, plaintiffs claims will be dismissed without leave to amend.

**CONCLUSION**

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The health plan defendants' Motions to Dismiss **(Document Nos. 84-88)** are **granted**. Silingo's claims against the health plan defendants are **dismissed without leave to amend**.

2. MedXM's and Mobile Medical Examination Services, Inc.'s Motion to Dismiss **(Document No. 89)** is **denied as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-1348 FMO (JCx)** | Date | **July 11, 2016** |
|---|---|---|---|
| Title | **United States ex rel. Silingo v. Mobile Medical Examination Services, Inc., et al.** | | |

3. Judgment shall be entered upon resolution of relator's share pursuant to 31 U.S.C. 3730(d)(2).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | jloz |