FILED
CLERK, U.S. DISTRICT COURT
JAN 21 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: vdr DEPUTY

HOGAN LOVELLS US LLP
Michael M. Maddigan (Bar No. 163450)
Poopak Nourafchan (Bar No. 193379)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
michael.maddigan@hoganlovells.com
poopak.nourafchan@hoganlovells.com

Attorneys for Defendants
WELLPOINT, INC., BLUE CROSS OF CALIFORNIA D/B/A ANTHEM BLUE CROSS, and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA, ex rel. ANITA SILINGO,

Plaintiffs,

v.

MOBILE MEDICAL EXAMINATION SERVICES, INC., a California corporation; MEDXM, a business entity, form unknown; WELLPOINT, INC., an Indiana corporation; ANTHEM BLUE CROSS, business entity, form unknown; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; BLUE CROSS OF CALIFORNIA, a California corporation; HEALTH NET, INC., a Delaware corporation; HEALTH NET OF CALIFORNIA, INC., a California corporation, HEALTH NET LIFE INSURANCE COMPANY, a California corporation; VISITING NURSE SERVICE OF NEW YORK, a New York corporation; VISITING NURSE SERVICE CHOICE, business organization, form unknown; MOLINA HEALTHCARE, INC., a Delaware corporation; MOLINA HEALTHCARE OF CALIFORNIA, a California corporation; MOLINA HEALTHCARE SERVICES, a California corporation; MOLINA HEALTHCARE OF CALIFORNIA PARTNER PLAN, INC., a

Case No. SACV13-1348-FMO(JCx)

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

California corporation; ALAMEDA ALLIANCE FOR HEALTH, a business organization, form unknown,

Defendants.

In accordance with the stipulation of Plaintiff-Relator Anita Silingo ("Relator") and Defendants Health Net, Inc., Health Net of California, Inc., and Health Net Life Insurance Company (collectively "Health Net"); Defendants WellPoint, Inc., Blue Cross of California (d/b/a Anthem Blue Cross), and Anthem Blue Cross Life and Health Insurance Company (collectively "the WellPoint Defendants"); Defendant Alameda Alliance for Health ("Alameda"); Defendants Molina Health Care, Inc., Molina Healthcare of California, and Molina Healthcare of California Partner Plan (collectively "Molina"); and Defendants Visiting Nurse Service of New York and VNS Choice (collectively "VNS"); collectively "Defendants"– and their respective attorneys of record – the Special Master enters the parties' stipulated Protective Order as follows:

**PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of certain business materials that Defendant(s) considers confidential, proprietary, private and/or trade secret information, as well as information containing CONFIDENTIAL HEALTH INFORMATION governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or other applicable state or federal law. To ensure confidentiality, and to comply with HIPAA's requirements, the parties submit, and petition the Special Master to enter the Stipulated Protective Order governing confidential material. The parties require that the Special Master issue a protective order pursuant to Federal Rule Civil Procedure 26(c) and the Standards for Privacy of Individually Identifiable Health

Information, 45 CFR Part 164.512, promulgated pursuant to HIPAA to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

The parties shall follow the applicable rules when seeking permission from the Court or Special Master to file material under seal.

Notwithstanding anything in this Stipulated Protective Order, the parties agree that Disclosure or Discovery Material, as defined in Section I(B) below, shall not be used by the Receiving Party, as defined in Section I(D) below, for any purpose other than for prosecuting or defending this action, unless otherwise agreed to by the parties in writing.

## I. DEFINITIONS

A. Party or Parties: Relator and Defendants, including their respective officers, directors, owners, members, partners, trustees, beneficiaries, employees, consultants, retained experts, and attorneys (and their support staff).

B. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, excerpts from documents, deposition testimony and exhibits, interrogatory answers, responses to requests for information, transcripts, tangible things, or other discovery responses that quote, summarize, or contain material entitled to protection) that are voluntarily exchanged, made available, or produced by any Party or non-party in disclosures or responses to discovery, including subpoenas to non-parties, in this matter.

C. Receiving Party: a Party that already possesses or receives Disclosure or Discovery Material from a Producing Party.

D. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

E. Designating Party: a Party or non-party that designates information or items that it or any other party possesses or produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" (as these terms are defined below).

F. "CONFIDENTIAL" Information or Items: information or items (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith is confidential under applicable state or federal law. Confidential information or items generally include materials used by a Designating Party in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

G. "ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith to be extremely confidential and/or sensitive in nature, the disclosure of which the Designating Party reasonably believes is likely to cause economic or other harm to the Designating Party, the Producing Party or third parties. The Parties agree that the ATTORNEYS' EYES ONLY designation includes the following categories of information, among others: (i) non-public damages-related and financial information, including confidential pricing, profit, sales, or other financial information; (ii) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding the future provision of services; and (iii) highly confidential and commercially sensitive trade secrets or technical information

H. CONFIDENTIAL HEALTH INFORMATION: shall include protected health information as defined in the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. § 160.103, as well as all individually-identifiable health or medical information protected under state laws.

CONFIDENTIAL HEALTH INFORMATION includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental health or condition of an individual, (b) the provision of health care to an individual, or (c) the past, present or future payment for health care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. CONFIDENTIAL HEALTH INFORMATION includes but is not limited to, medical bills, claims forms, claims data, charge sheets, medical records, medical charts, test results, notes dictation, invoices, checks, notices and requests, as well as any notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from CONFIDENTIAL HEALTH INFORMATION CONFIDENTIAL HEALTH INFORMATION is intended to include, among other things, the following identifiers of a patient, insured, or member or a relative, employer, or household member of a patient, insured, or member:

(1) names;

(2) all geographic subdivisions smaller than a state, including street address, city, county, precinct, and zip code;

(3) all elements of dates (except for year) for dates directly related to an individual, including birthdate, admission date, discharge date, age, and date of death;

(4) telephone numbers

(5) fax numbers;

(6) electronic mail addresses;

(7) social security numbers;

(8) medical record numbers;

(9) health plan beneficiary numbers;

(10) certificate/license numbers;

(11) account numbers;

(12) vehicle identifiers and serial numbers, including license plate numbers;

(13) device identifiers and numbers;

(14) web universal resource locators (“URLs”);

(15) internet protocol (“IP”) address numbers;

(16) biometric identifiers, including finger and voice prints;

(17) full-face photographic images and any comparable images; or

(18) any other unique identifying number, characteristic, or code.

CONFIDENTIAL HEALTH INFORMATION does not include any document or information in which the producing party does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.

I. Expert: an outside person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with the provisions below.

J. Protected Material: any Disclosure or Discovery Material that is “CONFIDENTIAL,” “CONFIDENTIAL HEALTH INFORMATION” and/or “ATTORNEYS’ EYES ONLY.”

K. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.), and their employees and subcontractors.

## II. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel in any settings that the Designating Party believes in good faith might reveal Protected Material, except as

otherwise indicated below. All notes, memoranda, reports, and other written communications that quote or attach information contained in Protected Material shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material. This Stipulated Protective Order shall not apply to testimony, exhibits, or presentations introduced or made at public court hearings, trial, or other court proceedings except as specifically provided below. The Parties shall take up matters of confidentiality with the Court or Special Master, as appropriate under the ORDER RE DISCOVERY PROCEEDINGS (Docket 161) or judicial officer conducting such proceeding at the appropriate time in an effort to protect the material that is the subject of this Stipulated Protective Order, subject to such Court, Special Master or judicial officer's determination regarding how to treat such material at such proceeding.

## III. DURATION

Even after the termination of this litigation, whether by settlement, discontinuance, dismissal, severance, final judgment or other disposition, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV. DESIGNATING PROTECTED MATERIAL

A. Defendants' Right to Designate Protected Material in Relator's Production. Defendants anticipate that Relator will produce materials that constitute Protected Material or contain CONFIDENTIAL HEALTH INFORMATION. To protect these materials, Relator's document productions shall be deemed Protected Material until each Defendant has had a chance to review it and make the appropriate designations.

1. Material from Relator's Production that is Privileged or Constitutes CONFIDENTIAL HEALTH INFORMATION: Any Defendant who believes that Relator has produced materials that contain privileged or CONFIDENTIAL

HEALTH INFORMATION shall notify the Relator in writing within 15 calendar days of receipt. If, after undertaking an appropriate meet-and-confer process, Defendant(s) and the Relator are unable to resolve any dispute they have concerning the further possession and/or use of privileged or CONFIDENTIAL HEALTH INFORMATION, Defendant(s) and/or Relator may seek judicial intervention to resolve the dispute. Relator may not use the material subject to the dispute until the dispute is resolved by the Special Master as described in the ORDER RE DISCOVERY PROCEEDINGS (Docket 161).

2. Any material in Relator's production that a Defendant designates as Protected Material shall be subject to all protections and procedures set forth in this Stipulated Protective Order, absent a contrary court order.

B. Manner and Timing of Designation of Disclosure or Discovery Material. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated in one of two ways: (1) before the material is disclosed or produced or (2) with respect to material contained in Relator's production, as described above. Designation in conformity with this Stipulated Protective Order requires the following:

1. For information in documentary form including written responses to interrogatories and requests for production or admission, and exhibits used in any deposition or at trial (except for transcripts of testimony given in depositions or other pretrial or trial proceedings, which are addressed in Section IV(B)(2) below): the Producing Party must affix the legend "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION" and/or "ATTORNEYS' EYES ONLY" at the top or bottom of each page, or before each written response, that contains Protected Material, including on each page of any electronically produced document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed “CONFIDENTIAL” and/or “CONFIDENTIAL HEALTH INFORMATION.” Within 15 calendar days after the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and before producing the specified documents, the Producing Party must affix the “CONFIDENTIAL,” “CONFIDENTIAL HEALTH INFORMATION,” and/or “ATTORNEYS’ EYES ONLY” legend at the top or bottom of each page that contains protected material. If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portions. The affixing of “CONFIDENTIAL,” “CONFIDENTIAL HEALTH INFORMATION,” and/or “ATTORNEYS’ EYES ONLY” shall not cover any wording on the subject document. Nothing in this paragraph shall imply or require that a Party shall allow inspection of privileged information or any other information not discoverable by law.

2. For testimony given in deposition: Testimony at a deposition may be designated by any Party as “CONFIDENTIAL,” “CONFIDENTIAL HEALTH INFORMATION,” and/or “ATTORNEYS’ EYES ONLY” by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Stipulated Protective Order and the reasons for the assertion. Additionally, all transcripts and all deposition videotapes or audio recordings of depositions will automatically be designated “CONFIDENTIAL,” “CONFIDENTIAL HEALTH INFORMATION,” and “ATTORNEYS’ EYES ONLY” from the day of the deposition or proceeding until thirty (30) calendar days after receipt of the final original transcript or of the deposition videotape or audio recording by the witness or the witness’s attorney. During this period of automatic

designation, the Designating Party may provide written designations of those portions of the testimony or deposition recording that qualify for protection under this Stipulated Protective Order. If such written designations are submitted, then the final transcript will be revised to reflect those designations, and those portions of the transcript or deposition recording will be subject to the terms of the Protective Order and may only be accessed and reviewed in accordance with the terms contained in the Protective Order. After the expiration of this period of automatic designation, unless an extension is agreed to in writing between Relator and Defendant(s), if no written designations are submitted by the Designating Party, then the entire transcript will be deemed non-confidential, and the transcript will be revised to remove all confidentiality designations.

3. For information produced in some form other than documentary, and for any other tangible items: the Producing Party must affix the legend "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container or containers in which the information or item is stored or in some other reasonable fashion depending on the form of the material. If that material is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material. Defendant(s) and Relator, if not the Producing Party, shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written notice. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall designate the protected portions only.

C. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another Party.

D. Inadvertent Production of Privileged or Otherwise Protected Material. Pursuant to Federal Rule of Evidence 502(d), if in connection with the litigation, documents or information subject to a claim of attorney-client privilege, work product protection and/or any other privilege or protection from disclosure are inadvertently disclosed ("Disclosed Information") by the Producing Party, the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.

If the Producing Party discovers that it inadvertently produced privileged or otherwise protected material, it shall promptly notify the Receiving Party in writing of any claim of privilege or protection with respect to Disclosed Information upon discovering the inadvertent disclosure. If the Receiving Party discovers the inadvertent disclosure, it agrees to immediately refrain from examining the material and promptly notify the Producing Party.

Promptly upon notification, and in no event no later than five (5) business days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Disclosed Information identified in the notice, and shall certify in

writing that it has done so. In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Disclosed Information. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the Disclosed Information, the Receiving Party may file an appropriate motion to seek to compel production of such material.

## V. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Any Party may object to a Designating Party's confidential designation at any time by giving written notice (including by email) to counsel for the Designating Party, identifying the Disclosure or Discovery Material, or portions thereof, to which the objection is directed, and specifying in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such written notice, the parties shall meet and confer in a good faith effort to resolve the dispute as required by the Court's Local Rules and ORDER RE DISCOVERY PROCEEDINGS (Docket 161). In conferring pursuant to the Court's Local Rules and ORDER RE DISCOVERY PROCEEDINGS (Docket 161), the Designating Party must explain the basis for its belief that the confidentiality designation was proper. If the disagreement cannot be resolved, the Designating Party may apply to the Court or Special Master, as appropriate under the ORDER RE DISCOVERY PROCEEDINGS (Docket 161), within fourteen (14) calendar days of the meet-and-confer for a protective order affirming the "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" designation. The application for a protective order shall comply with the Court's Local Rules and ORDER RE DISCOVERY PROCEEDINGS (Docket 161), and the Designating Party shall have the opportunity to respond to such application. While any such application is pending, the materials subject to the application will be treated as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES

ONLY" until the Court or Special Master otherwise rules. If the party asserting the Confidential Information and/or Attorneys' Eyes Only Information designation does not apply for a protective order within fourteen (14) calendar days of the meet-and-confer, then the designation of the Disclosure or Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" Information shall cease to be effective.

If the Court or Special Master rules that the Disclosure or Discovery Material should no longer be designated as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" or if the Designating Party at any time withdraws the designation (or if the Designating Party fails to apply for a protective order pursuant to the preceding Paragraph), the Designating Party shall promptly provide all other parties in the litigation with replacement documents, files, or information free from any markings or designations as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY." The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the parties.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section VI(E) and XI below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulated Protective Order.

B. Disclosure of CONFIDENTIAL Information or Items or CONFIDENTIAL HEALTH INFORMATION. Unless otherwise ordered by the Court or Special Master or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" (unless such CONFIDENTIAL HEALTH INFORMATION is also ATTORNEYS EYES ONLY) only to:

1. The Receiving Party's in-house and outside counsel of record in this action, as well as the partners, associates, secretaries, paralegals, assistants, and employees and consultants of said counsel to whom it is reasonably necessary to disclose the information for this litigation, where such consultants have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

2. The Receiving Party, if that Party is an individual, or if the Receiving Party is an entity, then its officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that CONFIDENTIAL HEALTH INFORMATION shall not be provided to Plaintiff-Relator Silingo;

3. Experts (as defined in this Stipulated Protective Order) of the Receiving Party, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

4. The Court and its personnel, and any special master appointed by the Court and any personnel of the special master to whom disclosure is reasonably necessary for this litigation; however, any material designated "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION," shall only be filed pursuant to Section IX;

5. Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; however, any

material designated "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION," shall only be provided to the evaluators, mediators, arbitrators under a stipulation of confidentiality, for use solely in the evaluation, mediation or arbitration;

6. Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation, where the Professional Vendor has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master;

7. Court reporters, persons operating video recording equipment at depositions, and their staff to whom disclosure is reasonably necessary for this litigation;

8. During or in preparation for their depositions, witnesses or prospective witnesses in the action to whom disclosure is reasonably necessary and, other than current employees or officers of the Designating Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master; provided that such witness shall not be permitted to retain the CONFIDENTIAL Information or CONFIDENTIAL HEALTH INFORMATION after the deposition if not already in their possession prior to the action;

9. Any author or recipient of the document or the original source of the information disclosed in the document, provided that such person shall not be permitted to retain the CONFIDENTIAL Information or CONFIDENTIAL HEALTH INFORMATION if not already in his or her possession prior to the action;

10. The Receiving Party's insurance carrier or carriers to the extent reasonably related to any actual or potential coverage in connection with this litigation, where the carrier has signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master; and

11. Any other person mutually agreed upon the by Designating and Receiving Parties in writing or person designated by the Court or Special Master in the interest of justice upon such terms that the Court or Special Master may deem just and proper who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in accordance with Paragraph G.

In addition, such information may also be disclosed during a hearing or trial in accordance with provisions of Section X. Moreover, a producing party may, but is not required to, perform redactions of CONFIDENTIAL HEALTH INFORMATION from documents originally containing CONFIDENTIAL HEALTH INFORMATION, so long as redactions do not prejudice another party.

C. Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court, Special Master or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

1. The Receiving Party's outside counsel of record in this action, as well as the partners, associates, secretaries, paralegals, assistants, and employees and consultants of said counsel to whom it is reasonably necessary to disclose the information for this litigation, where such consultants have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

2. The Receiving Party's Experts, and the administrative support staff of such Experts, if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

3. The Court and its personnel, and any special master appointed by the Court and any personnel of the special master to whom disclosure is reasonably

necessary for this litigation; however, any material designated ATTORNEYS' EYES ONLY shall only be filed pursuant to Section IX;

4. Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; however, any material designated ATTORNEYS' EYES ONLY shall only be provided to the evaluators, mediators, or arbitrators under a stipulation of confidentiality, for use solely in the evaluation, mediation or arbitration;

5. Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation where the Professional Vendor has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master;

6. Court reporters, persons operating video recording equipment at depositions and their staff to whom disclosure is reasonably necessary for this litigation;

7. During or in preparation for their depositions, witnesses or prospective witnesses in the action to whom disclosure is reasonably necessary and who either (a) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master, or (b) are employees or officers of the Designating Party, and provided that such person shall not be permitted to retain the ATTORNEYS' EYES ONLY Information after the deposition if not already in their possession prior to the action;

8. Any author or recipient of the document or the original source of the information disclosed in the document; provided that such person shall not be permitted to retain the ATTORNEYS' EYES ONLY Information if not already in their possession prior to the action;

9. The Receiving Party's insurance carrier or carriers to the extent reasonably related to any actual or potential coverage in connection with this

litigation, where the carrier has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or Special Master; and

10. Any other person mutually agreed upon the by Designating and Receiving Parties in writing or person designated by the Court or Special Master in the interest of justice upon such terms that the Court or Special Master may deem just and proper who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), in accordance with Paragraph G.

In addition, such information may also be disclosed during a hearing or trial in accordance with provisions of Section X.

D. Limitations on Use of Protected Material. Parties who make CONFIDENTIAL or ATTORNEYS' EYES ONLY Protected Material available to persons set forth in Sections VI(B)-(C) above, shall be responsible for acting in good faith by disclosing only as much information as is reasonably necessary and limiting distribution thereof to those persons authorized under this Stipulated Protective Order. All copies of such Protected Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Protected Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Protected Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

E. Special Safeguards for CONFIDENTIAL HEALTH INFORMATION. Nothing in this Stipulated Protective Order requires Defendant(s) to produce CONFIDENTIAL HEALTH INFORMATION that is not discoverable under federal or state law, nor shall anything in this Order waive Defendant(s) right to object to the production of any CONFIDENTIAL HEALTH INFORMATION, in whole or part, under federal or state laws. However, to the extent production of

such information is ordered by the Court or Special Master or required by law, the Receiving Party will safeguard the information in a physically secure location and, for electronic records, also encrypt the data per HIPAA standards. Such information shall be designated CONFIDENTIAL HEALTH INFORMATION and subject to the restrictions above. In addition to other applicable provisions in this Stipulated Protective Order, and superseding any contrary provisions in it:

1. The Receiving Party may only disclose CONFIDENTIAL HEALTH INFORMATION to those individuals described in Section VI(B) above who need to know the CONFIDENTIAL HEALTH INFORMATION for purposes of this litigation. The Receiving Party's outside counsel will act in good faith by disclosing no more CONFIDENTIAL HEALTH INFORMATION than is reasonably necessary for the individuals to perform their litigation-related function, and for the persons described in Section VI(B)(1), (3), (5), (6), (8), (10) and (11), the Receiving Party's outside counsel will disclose CONFIDENTIAL HEALTH INFORMATION only after obtaining a written agreement from the persons to abide by the terms of this Section VI(E) with respect to using and safeguarding the CONFIDENTIAL HEALTH INFORMATION and returning it to the Receiving Party's outside counsel or destroying it in accordance with HIPAA standards (with written assurances of such destruction, signed under penalty of perjury, and provided to the Producing Party by the Receiving Party's outside counsel) within 30 days of final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken).

2. The CONFIDENTIAL HEALTH INFORMATION, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the CONFIDENTIAL HEALTH INFORMATION, held by any person described in Section VI(B)(1), (3), (5), (6), (8), (10) and (11), shall be (a) returned to the Producing Party by the Receiving Party's outside counsel within forty-five (45) days of final termination of this action (e.g., a Court order

terminating this action and from which no appeal is taken), or (b) if return is not reasonably feasible as determined by the Producing Party, destroyed pursuant to HIPAA standards (with written assurances of such destruction, signed under penalty of perjury, and provided to the Producing Party by the Receiving Party's outside counsel).

3. Any CONFIDENTIAL HEALTH INFORMATION destroyed pursuant to this Section VI(E) must be destroyed pursuant to the United States Department of Health and Human Services' "Guidance to Render Unsecured Protected Health Information Unusable, Unreadable or Indecipherable to Unauthorized Individuals" (e.g., by shredding or destroying any paper, film, or hard copy media such that the CONFIDENTIAL HEALTH INFORMATION cannot be read or reconstructed, and by clearing, purging, or destroying electronic media consistent with National Institute of Standards and Technology Special Publication 800-88, Guidelines for Media Sanitation, such that the CONFIDENTIAL HEALTH INFORMATION cannot be retrieved).

4. Nothing in this Stipulated Protective Order authorizes counsel for the Relator to obtain medical or health records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. Nothing in this section or in this Stipulated Protective Order waives or limits the protections afforded to the Parties by the applicable Federal Rules of Civil Procedure.

F. Maintenance of Signed Agreements. Counsel for the Receiving Party wishing to disclose Protected Material to a person required to execute a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be responsible for obtaining such acknowledgement prior to disclosure, and shall maintain each original signed "Acknowledgement and Agreement to Be Bound".

G. Disclosure Not Otherwise Authorized. In the event that counsel representing any Party in this action believes that it is necessary to disclose

Protected Material to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Material involved, and notifying the Designating Party through its litigation counsel that they have fifteen (15) business days to object to such disclosure. Within fifteen (15) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request. Failure to so object constitutes consent to such disclosure.

In the event that a Designating Party objects to such disclosure, such Protected Material shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the Parties or, after the Parties engage in a good faith meet and confer about this issue (which conference is to occur within five business days of a written request therefor), by order of the Court or Special Master.

## VII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued under the authority of any court or arbitral, administrative, or legislative body, that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" to the extent not violative of any statute, rule, or order applicable to such party in such litigation, the Receiving Party must so notify the Designating Party, in writing (by hand, email or fax), promptly and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued, including to seek a Protective Order or to quash the subpoena. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material to the extent permissible by such court. If the Designating Party does not move for a protective order or to quash the subpoena within fifteen (15) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Protected Material in response thereto. During the pendency of any such motion, however, the parties in possession of such confidential material shall not produce it. Nothing in this Stipulated Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

Nothing in this provision shall relieve Receiving Party of any liability it may incur to any Party or third parties as a result of its inadvertent unauthorized disclosure.

## IX. FILING PROTECTED MATERIAL

In accordance with the Court's Local Rules and ORDER RE DISCOVERY PROCEEDINGS (Docket 161), if any papers to be filed with the Court or Special Master contain or attach information and/or documents that have been designated as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY," the filing Party and the Party who designated the materials at issue as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" shall first meet and confer regarding whether the need for filing under seal can be eliminated or minimized by means of redaction pursuant to Central District of California Local Rule 79-5. Following the meet and confer, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be segregated) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## X. USE OF PROTECTED INFORMATION AT A HEARING OR TRIAL

A. CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY documents may be offered in evidence at trial or any court hearing provided that the proponent of the evidence gives thirty days advance notice or otherwise at such time as the Court requires designation of trial exhibits, consisting of a statement that CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY documents or information will be presented at the hearing or trial, to counsel for any Designating Party. Any party may then move the Court or Special Master, as appropriate under the ORDER RE DISCOVERY PROCEEDINGS (Docket 161) for an order that the evidence be

received and maintained under seal or under any other conditions to prevent disclosure, provided that they first meet and confer regarding whether the need for filing under seal can be eliminated or minimized by means of redaction pursuant to Central District of California Local Rule 79-5. Notwithstanding the 30-day notice period, parties will make reasonable, good faith efforts to advise other parties of any CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY documents that may be offered into evidence sufficiently in advance to permit any other party to move to seal or otherwise protect the confidential information from disclosure. In the absence of any order placing the document under seal, such document shall no longer be deemed CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY. Nothing in this paragraph shall prohibit any party from moving the Court or Special Master for any other order that the party may deem appropriate.

B. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any questions or line of questioning calls for the disclosure of CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY information, counsel may move the Court or Special Master for an order that the testimony be received and maintained under seal, be subject to the terms of this Protective Order, or be placed under any other conditions to prevent disclosure.

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action (e.g., a Court order terminating this action and from which no appeal is taken), each Receiving Party must make reasonable efforts to return or destroy the Protected Material. As used in this Section XI, "Protected Material" shall exclude CONFIDENTIAL HEALTH INFORMATION, whose return and destruction shall be governed by Section VI(E)

above, but includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that affirms that the Receiving Party has taken reasonable efforts to comply with the foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. "Reasonable efforts" shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Stipulated Protective Order. However, as to those items retained pursuant to provisions (i), (ii), or (iii) of this paragraph, the Receiving Party shall take appropriate steps to prevent disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material, which shall remain subject to this Stipulated Protective Order as set forth in Section III above. Notwithstanding this provision, counsel are entitled to retain archival copies and are not required to return or destroy copies of all pleadings, motion papers, written discovery, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section III above.

## XII. MISCELLANEOUS

A. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court or Special Master in the future.

B. Admissions and Waivers. Neither the entry of this Stipulated Protective Order, nor the designation of any information or documents as "CONFIDENTIAL," CONFIDENTIAL HEALTH INFORMATION," and/or "ATTORNEYS' EYES ONLY" or failure to make such a designation, nor any in camera disclosure of CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, and/or ATTORNEYS' EYES ONLY information, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information. Nothing in this Stipulated Protective Order shall be construed as waiving any objections of any Party as to the admissibility of a particular document into evidence. Moreover, nothing in this Stipulated Protective Order shall be construed to require any Party to disclose to any other Party any CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, and/or ATTORNEYS' EYES ONLY information, or to prohibit any Party from refusing to disclose CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, and/or ATTORNEYS' EYES ONLY information to any other Party. If at any time before trial of this action a Producing Party realizes that it should have designated as CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY any discovery materials previously produced, the producing party may designate the material by so appraising all prior recipients in writing. Thereafter, all persons subject to this Order shall treat such designated material as CONFIDENTIAL, CONFIDENTIAL HEALTH INFORMATION, or ATTORNEYS' EYES ONLY.

C. Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

D. Notwithstanding this Protective Order and/or any designations made thereunder, nothing herein shall protect from use and disclosure by any party/person documents and/or information that (a) became knowns to a party without breach of this Protective Order, without breach of similar stipulations in any other related lawsuits or proceedings, and/or without breach of a confidentiality obligation of the person from whom a party received the information, (b) is public knowledge through no wrongful or unauthorized act or omission of a party or any other person, (c) is received from a third party other than through discovery is this lawsuit who is not subject to a restriction on disclosure, (d) was lawfully possessed by the receiving party without a duty of confidentiality to the producing party, and/or (e) is independently developed or obtained by the recipient. Additionally, nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party and/or producing person of its/her/his own discovery material, information and/or documents.

Dated: January 18, 2019

HOGAN LOVELLS US LLP

By: /s/ Michael M. Maddigan

Michael M. Maddigan
Poopak Nourafchan

Attorneys for Defendants
WELLPOINT, INC., BLUE CROSS OF CALIFORNIA D/B/A ANTHEM BLUE CROSS, and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY

Dated: January 18, 2019

LATHAM & WATKINS LLP

By: /s/ David J. Schindler

David J. Schindler
Anne W. Robinson

ATTORNEYS FOR DEFENDANTS HEALTH NET, INC., HEALTH NET OF CALIFORNIA, INC. AND HEALTH NET LIFE INSURANCE COMPANY

Dated: January 18, 2019

O'MELVENY & MYERS LLP

By: /s/ Scott Voelz

Scott Voelz
David Deaton
David Leviss (Admitted *Pro Hac Vice*)
Elizabeth Bock

ATTORNEYS FOR DEFENDANTS MOLINA HEALTHCARE, INC., MOLINA HEALTHCARE OF CALIFORNIA, AND MOLINA HEALTHCARE OF CALIFORNIA PARTNER PLAN

Dated: January 18, 2019

EPSTEIN BECKER & GREEN, P.C.

By: /s/ David Jacobs

David Jacobs
ATTORNEYS FOR DEFENDANT VNS CHOICE

Dated: January 18, 2019

DSR HEALTHLAW

By: /s/ Michael J. Daponde

Michael J. Daponde
Anthony R. Eaton

ATTORNEYS FOR DEFENDANT ALAMEDA ALLIANCE FOR HEALTH

Dated: January 18, 2019

THE HANAGAMI LAW FIRM, A.P.C.

By: /s/ William K. Hanagami

William K. Hanagami

ATTORNEYS FOR PLAINTIFF AND RELATOR, ANITA SILINGO

Dated: January 18, 2019

THE ZINBERG LAW FIRM, A.P.C.

By: /s/ Abram J. Zinberg

Abram J. Zinberg

ATTORNEYS FOR PLAINTIFF AND RELATOR, ANITA SILINGO

The Special Master approves the foregoing Protective Order.

**IT IS SO ORDERED.**

January 21, 2019.

Rosalyn M. Chapman

Hon. Rosalyn M. Chapman

Special Master